IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHER-HOOD OF TEAMSTERS PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HEIDENREICH TRUCKING COMPANY, an Illinois corporation, McENERY ENTERPRISES, L.L.C., an Illinois limited liability company, and WJM LEASING, L.L.C., an Illinois limited liability company,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 12 C 0858<br><br>JUDGE GEORGE M. MAROVICH |

**MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs, by and through their attorneys, default having been entered against the Defendants on March 13, 2012, request this Court enter judgment against Defendants, HEIDENREICH TRUCKING COMPANY, McENERY ENTERPRISES, L.L.C., and WJM LEASING, L.L.C. In support of that Motion, Plaintiffs state:

1. On March 13, 2012, this Court entered default against Defendants and granted Plaintiffs' request for an order directing an audit of Defendant, Heidenreich Trucking Company's ("Heidenreich") payroll books and records for the time period October 1, 2010 forward. The Court also entered an order that judgment would be entered after the completion of the audit.

2. On December 28, 2011, the National Labor Relations Board ("NLRB") issued a decision and order,(A.D. Conner, Inc., 357 NLRB No. 154, slip op. (Dec. 28, 2011), a copy of which was attached to Plaintiffs' complaint), finding that Heidenreich, McEnery Enterprises, WJM Leasing,

Gas City and A.D. Conner, Inc., violated the National Labor Relations Act in several ways. The Board's decision was enforced by the Seventh Circuit on June 14, 2012, case no. 12-1434. In relevant part, the NLRB's decision and order found:

    a.   "Since October 18, 2010, Heidenreich has operated as a disguised continuance of [A.D. Conner]. At all material times thereafter, Heidenreich and Conner have been alter-egos of each other within the meaning of the Act and are jointly and severally liable for the unfair labor practices found in this case"; and

    b.   "At all material times, Conner, Heidenreich, Gas City, WJM, and McEnery Enterprises have operated as a single-integrated business enterprise and single employer within the meaning of the Act and are jointly and severally liable for the unfair labor practices found in this case."

3.   As the remedy for its findings, the NLRB ordered Heidenreich, Conner, Gas City, WJM and McEnery Enterprises to:

    a.   make their employees "whole for any loss of earnings or other benefits," including "expenses resulting from the failure to make contributions to the trust funds provided for in the collective bargaining agreements, plus interest, and to reimburse those trust funds for those contributions they have failed to make on behalf of bargaining unit employees."

    b.   "[c]omply with all terms and conditions of collective bargaining agreements entered into by the Respondents with . . . Local 705," and

    c.   "[m]ake whole . . . Local 705 and their associated benefit funds by making the payments mandated by their respective collective bargaining agreements with those Unions."

4.   Heidenreich, McEnery Enterprises and WJM Leasing are liable to Plaintiffs as a single employer with A.D. Conner, for contributions, liquidated damages, interest, costs and attorneys fees due from A.D. Conner through October 18, 2010; while McEnery Enterprises and WJM Leasing are similarly liable for amounts due based on work performed for Heidenreich on or after October 18, 2010.

5. On July 10, 2012, Plaintiffs' auditors completed the audit of Heidenreich. The audit findings show that Heidenreich owes the Pension Fund contributions of $363,521.00, accrued interest of $33,073.30 (calculated through June 30, 2012), liquidated damages of $36,352.10, and audit costs of $323.00, and owes the Welfare Fund contributions of $302,200.00, accrued interest of $27,469.35 (calculated through June 30, 2012), liquidated damages of $30,220.00, and audit costs of $323.00 (Witt Affidavit, ¶ 14).

6. In addition to the Heidenreich audit, the Funds previously conducted two audits of A.D. Conner, one for the period of January 1998 through June 2007 ("2007 Audit"), and a second for July 2007 through March 2011 ("2011 Audit")(Witt Affidavit, ¶ 6).

7. Pursuant to the the 2007 Audit, A.D. Conner owes the Pension Fund contributions of $41,517.20, accrued interest of $40,942.96 (calculated through October 31, 2010), liquidated damages of $4,151.72, and audit costs of $7,553.66, and owes the Welfare Fund contributions of $54,717.60, accrued interest of $56,141.99 (calculated through October 31, 2010), liquidated damages of $5,471.76, and audit costs of $7,553.66 (Witt Affidavit, ¶ 7).

8. Pursuant to the 2011 Audit, A.D. Conner owes the Pension Fund contributions of $545,273.00, accrued interest of $44,398.41 (calculated through July 31, 2011), liquidated damages of $54,527.30, and audit costs of $2,066.93, and owes the Welfare Fund contributions of $394,080.00, accrued interest of $30,749.18 (calculated through July 31, 2011), liquidated damages of $39,408.00, and audit costs of $2,066.93 (Witt Affidavit, ¶ 10).

9. A.D. Conner further owes outstanding liquidated damages and interest on contributions that it previously reported and paid late to the Funds, totaling $22,172.46 and $3,042.88, respectively (Witt Affidavit, ¶ 12).

3

10. In addition, Plaintiffs' firm has incurred substantial costs and attorneys' fees in efforts to collect from the Defendants, and in prior efforts to collect form A.D. Conner, Inc., totaling $52,656.39 (See, Affidavit of Catherine M. Chapman).

11. Consistent with the allegations in Plaintiffs' complaint, and the findings of the National Labor Relations Board, as enforced in the Seventh Circuit, each of the Defendants are jointly and severally liable to the Funds for said amounts.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor, and against each of the Defendants jointly and severally in the amount of $2,201,300.62.

/s/   Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\705j\Heidenreich Trucking\motion-judgment.pnr.df.wpd

## CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that he electronically filed the foregoing document (Motion for Entry of Judgment) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 17th day of August 2012:

        Mr. John Cunnea, Registered Agent
        Heidenreich Trucking Company,
        McEnery Enterprises, L.L.C.
        WJM Leasing, L.L.C.
        160 S. LaGrange Road
        Frankfort, IL  60423-4008

        William J. McEnery, President
        Heidenreich Trucking Company,
        McEnery Enterprises, L.L.C.
        WJM Leasing, L.L.C.
        13015 W. 151st St.
        Homer Glen, IL 60491

                              /s/   Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\705j\Heidenreich Trucking\motion-judgment.pnr.df.wpd